IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-22 |
| | ) | |
| BOBBY R. WAYMAN, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Bobby Wayman's Motion for Continued Release of Defendant Pending Sentencing [Doc. 14], filed on August 30, 2011, and referred [Doc. 15] to the undersigned on August 15, 2011. See 28 U.S.C. § 636(b). The Defendant asks to remain on release from custody, following the entry of a guilty plea on October 6, 2011, and pending his sentencing hearing, contending that his record of compliance with the conditions of pretrial release constitutes clear and convincing evidence that he is neither a flight risk, nor a danger. The Government opposes [Doc. 16] the Defendant's release, arguing that he is subject to mandatory detention and that no exceptional circumstances exist in this case. The parties came before the Court for a hearing on the motion on September 29, 2011. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Troy L. Bowlin, II, represented Defendant Wayman, who was also present.

The Defendant is charged with a single count of manufacturing one hundred or more

1

marijuana plants on April 23, 2008. The Defendant had an initial appearance on March 23, 2011, and was released [Doc. 7] on conditions pending his trial. A signed plea agreement [Doc. 12] was filed in the record, and the Defendant is scheduled to enter a change of plea hearing on October 6, 2011. The Defendant asks to remain on conditions of release following his entry of a change of plea through his sentencing hearing.

While a defendant's release or detention pending the trial of the case is governed by 18 U.S.C. § 3142, whether a defendant may be released pending sentencing is the subject of § 3143. The general rule is that a defendant be detained pending sentencing unless no term of imprisonment is recommended for the offender or the defendant can show by clear and convincing evidence that he or she is not likely to flee or to be a danger. 18 U.S.C. § 3143(a)(1). Defendants guilty of certain offenses, including offenses under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, "shall" be detained, unless

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).[1] Defendant Wayman is scheduled to plead guilty to an

---

[1] The Court emphasizes that the statute requires that a defendant meet subsection (A)(i) **and** subsection (B) **or** subsection (A)(ii) **and** subsection (B). In other words, although the structure of the statute might visually suggest that a defendant could meet one of three options to be excepted from mandatory detention, it actually provides that a defendant must meet either (A)(i) or (A)(ii) and (B).

2

offense under the Controlled Substances Act for which the maximum term of imprisonment is forty years. 21 U.S.C. § 841(b)(1)(B)(vii). Accordingly, the Defendant comes under subsection (a)(2) of section 3143. The Defendant, however, cannot meet either part of subsection (a)(2)(A), because he is entering a guilty plea and forgoing a trial and because AUSA Stone informed the Court that this is not a situation for which he is recommending no sentence of incarceration. In fact, AUSA Stone stated that the Defendant is subject to a mandatory minimum five-year term of imprisonment, for which he may or may not be safety valve eligible. Based upon this information, the Court finds that the Defendant is not eligible for release pending his sentencing hearing and that the statute requires that he be detained. The Defendant's Motion for Continued Release of Defendant Pending Sentencing [**Doc. 14**] is **DENIED**.

The parties discussed at the hearing that the Bail Reform Act provides the Defendant the opportunity to appeal this ruling to the District Court. 18 U.S.C. § 3145(b). Under this provision, a "person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Accordingly, a defendant appealing his order of detention must show (1) clear and convincing evidence that he or she is not likely to flee or to be a danger, 18 U.S.C. § 3143(a)(1), and (2) clear evidence of exceptional reasons why he or she should not be detained, 18 U.S.C. § 3143(c). Because the Defendant expressed the intent to make such an appeal to the District Judge, the Court permitted him to proffer how he meets the requirements for release under section 3145(c).

Defense counsel proffered that the Defendant was not a flight risk or a danger due to the

3

following: The instant charge arises out of a search of the Defendant's home, pursuant to a search warrant, on April 23, 2008. In the three years between the search of his home and the resulting seizure of marijuana plants, and the instant Indictment, the Defendant did not flee, nor did he commit any other criminal acts. Defense counsel argued that if the Defendant were going to flee, he would have done so before he was indicted. Moreover, counsel emphasized that the Defendant has followed all the conditions of his pretrial release imposed by this Court. With regard to the Defendant's criminal history, counsel proffered that the Defendant had only misdemeanor charges for simple possession of marijuana and simple assault in February 2008. The Defendant was given pretrial diversion for these offenses, but due to a clerical error in which the application for expunction was placed in the back of the Defendant's file, rather than the front, these convictions were not expunged from the Defendant's record. Counsel stated that he was having difficulty getting the misdemeanor convictions expunged at this point because the current charge rendered the Defendant ineligible for expunction. Counsel contended that he believed the Defendant to be safety valve eligible and that, as such, there is a chance that he may not be required to serve a jail sentence in this case.

Finally, with regard to exceptional circumstances making detention inappropriate, defense counsel proffered that the Defendant has a torn ACL for which he needs surgery. The Defendant's doctor has advised that he cannot have the surgery if he will be incarcerated because the prison will not be able to provide the needed rehabilitation following the surgery.

The Government argued that while it had nothing specific to offer with regard to the Defendant being a danger to the community, it noted note that Congress has provided a five-year mandatory minimum sentence for this crime. AUSA Stone contended that whether the Defendant

4

was eligible for safety valve treatment was speculative, because the Defendant was on probation when the search warrant was executed in this case, leading to the instant charge. A sentence of mandatory incarceration creates a presumption that an element of dangerousness exists with regard to this Defendant. While AUSA Stone acknowledged that the Defendant's record of compliance with his conditions of release may over come this presumption, he noted its existence. The Government does not believe the Defendant to be a flight risk because he is not facing a lengthy sentence of incarceration, he would likely be designated to a low security facility, and if he was going to flee, he likely would have done so already.

The Government argued that even if the Defendant can show clear and convincing evidence that he is not a flight risk or a danger, there are no exceptional circumstances in this case making release inappropriate. It maintained that medical conditions, such as a torn ACL, did not rise to the level of exceptional circumstances. The Government also asserted that the questions surrounding the expunction of the Defendant's misdemeanor charges also did not constitute exceptional circumstances. AUSA Stone stated that even if the misdemeanors were expunged and the Defendant had no criminal history points at sentencing, he was still facing an expected minimum guideline range of thirty-seven months, possibly more due to the fact that the Defendant was on probation when he committed the instant offense.

Upon considering this proffer and the arguments of counsel, the Court makes the following recommended findings:

> (1) The Defendant has shown by clear and convincing evidence that he is not a flight risk. The fact that the Defendant remained in the district, even when he was not under an indictment or conditions of

release, is strong evidence that he will not flee while awaiting sentencing.

(2) The Defendant has also shown by clear and convincing evidence that he is not a danger to the community. He has little to no criminal history and has committed no additional criminal offenses in the years since the instant offense. Moreover, he has complied with his conditions of release since March 2011.

(3) The Defendant has not shown clear evidence of an exceptional reason that detention would be inappropriate. Although the Defendant is in need of surgery and extensive rehabilitation to correct a torn ACL, such medical conditions have not traditionally constituted exceptional circumstances. See United States v. Wages, 271 F. App'x 726, 728 (10th Cir. 2008) (observing that "it is a rare case in which health conditions present an 'exceptional reason'"). Moreover, although the Defendant's argument implies that he might be able to have the surgery if he were released pending sentencing, there is no clear evidence in the record that the time between his change of plea and his sentencing hearing would be sufficient for the needed rehabilitation. In this regard, the Court observes that the Defendant's plea agreement was filed on May 27, 2011, and he has

6

not had the surgery and embarked upon the rehabilitation in the intervening four months. This course of action suggests that the period of time between his change of plea hearing and his sentencing hearing would also be insufficient.

Accordingly, the Court recommends that the Defendant's request to be released pending his sentencing hearing should be denied.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge